## James McArthur *v.* City of Dayton.

[Abstract Kentucky Law Reporter, Vol. 5—333.]

**Recovery of Taxes.**

In order to recover the amount of a tax imposed, where the law gives the court jurisdiction it is essential to aver and show a compliance with every duty necessary to the imposition of the tax and where such facts are not alleged in a petition it will not be upheld against a demurrer.

APPEAL FROM CAMPBELL CHANCERY COURT.

October 11, 1883.

OPINION BY JUDGE PRYOR:

Demurrers were filed to the several petitions and overruled, to which exceptions were taken. In order to recover the amount of a tax imposed, where the statute gives the court jurisdiction it is essential, as has been often decided by this court, to aver and show a compliance with every duty necessary to the imposition of such a burden. The power of the general council to impose the tax must not only be alleged, but the manner in which it was imposed, viz.: by a vote of the general council in the manner required by the act, the assessment of the property, the notice of the meeting of the board of equalization—all such prerequisites must be alleged in order to show that the power conferred has been exercised in accordance with the charter authorizing it. The court can not say from the statements contained in the petition that any of the essential requirements of the charter have been complied with, and therefore the demurrer to each petition should have been sustained. We see nothing in the answer to either petition curing the defects complained of, and the judgment of January, 1880, enforcing the lien on the several lots must be reversed.

There is no appeal from the personal judgments rendered. An appeal is prayed from each judgment in the court below, but when filing the record the appeal is taken from the judgment rendered at the January term, 1880, on pages 93, 94, 95 and 96 of the record. This statement as to what judgment is appealed from must control, and it is unnecessary to consider the argument in reference to the personal judgments, for the obvious reason that these judgments are not before us. They were rendered prior to January, 1880. For the reasons indicated the entire judgment of January, 1880, enforcing the liens, is *reversed* and cause remanded with directions to sustain the demurrer to each petition and for proceedings consistent with this opinion. See *Ormsby v. City of Louisville*, 79 Ky. 197, 2 Ky. L. 297.

*Jesse Arthur, for appellant.*

*Wm. Lindsay, for appellee.*